**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-1251

_____

UNITED STATES OF AMERICA

v.

TRENTON GUNN,

Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. No. 3-16-cr-00062-001)
District Judge: Hon. Robert D. Mariani

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 1, 2018

_____

Before: SHWARTZ, ROTH, and FISHER, Circuit Judges.

(Filed: November 7, 2018)

_____

OPINION[*]

_____

SHWARTZ, Circuit Judge.

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Trenton Gunn pleaded guilty to drug conspiracy and was sentenced to 96 months' imprisonment. Gunn appeals. His appellate counsel argues that his appeal presents no nonfrivolous issues and moves to withdraw under Anders v. California, 386 U.S. 738 (1967). We will grant the motion and affirm.

I

Gunn agreed to supply methamphetamine to individuals in Pennsylvania and was charged in a one-count indictment with conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine. Gunn pleaded guilty to the indictment pursuant to a written plea agreement

The Probation Office prepared a Presentence Investigation Report ("PSR") recommending a United States Sentencing Guidelines range of imprisonment,

The District Court accepted Gunn's guilty plea,                            and sentenced him on the same day to 96 months' imprisonment and five years' supervised release. Gunn's counsel filed an appeal on Gunn's behalf and a motion to withdraw, asserting that there are no nonfrivolous grounds for appeal.

II[1]

A

"Third Circuit Local Appellate Rule 109.2(a) reflects the guidelines the Supreme Court promulgated in Anders to assure that indigent clients receive adequate and fair representation." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). This rule allows defense counsel to file a motion to withdraw and an accompanying brief pursuant to Anders when counsel has reviewed the record and concluded that "the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a). When counsel submits an Anders brief, we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." Youla, 241 F.3d at 300 (citing United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000)). An issue is frivolous if it "lacks any basis in law or fact." McCoy v. Court of Appeals of Wis., Dist. 1, 486 U.S. 429, 438 n.10 (1988).

To determine whether counsel has fulfilled Rule 109.2(a)'s requirements, we examine the brief to see if it: (1) shows that counsel has thoroughly examined the record

---

[1] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Because Gunn did not object to the District Court's jurisdiction, the validity of the plea, or the procedural or substantive reasonableness of his sentence, our review is for plain error. United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014). Under plain-error review, we will "grant relief only if we conclude that (1) there was an error, (2) the error was 'clear or obvious,' and (3) the error 'affected the appellant's substantial rights.'" United States v. Stinson, 734 F.3d 180, 184 (3d Cir. 2013) (quoting Puckett v. United States, 556 U.S. 129, 135 (2009)). If all three prongs are satisfied, we may exercise our discretion to correct the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quoting Puckett, 556 U.S. at 135) (alterations omitted).

in search of appealable issues, identifying those that arguably support the appeal even if wholly frivolous, Smith v. Robbins, 528 U.S. 259, 285 (2000); and (2) explains why the issues are frivolous, Marvin, 211 F.3d at 780-81. If these requirements are met, the Anders brief guides our review and we need not scour the record. See Youla, 241 F.3d at 300-01.

Counsel's Anders brief satisfies both elements, and an independent review of the record reveals no nonfrivolous issues.[2] First, the brief demonstrates a thorough examination of the record and identifies the District Court's jurisdiction, the validity of Gunn's guilty plea, and the reasonableness of his sentence. Second, the brief explains why any challenge to jurisdiction, his plea, or his sentence would be frivolous in light of the governing law. Counsel's Anders brief is therefore sufficient, and we will proceed to review the issues counsel identifies.

B

The first issue counsel identifies is whether the District Court had jurisdiction to enter the judgment of conviction and sentence. It is clear that it did. United States district courts have jurisdiction over offenses against the laws of the United States. 18 U.S.C. § 3231. Gunn was charged with drug conspiracy in violation of 21 U.S.C. § 846, which is a federal offense. Accordingly, there exists no issue of arguable merit concerning jurisdiction.

---

[2] Gunn was given the opportunity to file a pro se brief raising any additional arguments, but did not do so.

4

The second issue counsel identifies is whether Gunn's guilty plea was valid under the Constitution and Federal Rule of Criminal Procedure 11.[3]  The record shows that it was.  During the plea hearing, the District Court inquired of Gunn to confirm his competence, ensured that he understood the charge against him and reviewed his constitutional rights, including that he could plead not guilty and proceed to trial with the assistance of counsel who could cross-examine witnesses, that he had a right to testify or not testify and subpoena witnesses, and that the jury would presume him innocent, unless and until the Government proved his guilt beyond a reasonable doubt.  The Court also informed Gunn of the maximum and mandatory minimum penalties he faced and explained that, in its sentence, it would refer to but could depart from the Guideline range.  The District Court also reviewed with Gunn the terms of the written plea agreement he had reached with the Government.  Finally, the Court found there was a factual basis for Gunn's guilty plea and that he pleaded guilty knowingly and voluntarily, with an understanding of his rights and the consequences of his plea.  Therefore, there is

---

[3] When a defendant enters a guilty plea, he or she waives various constitutional rights, and those rights must be specifically addressed during a plea hearing.  Boykin v. Alabama, 395 U.S. 238, 242-44 (1969).  Accordingly, Rule 11 requires that a district court advise the defendant, among other things, of "the waiver of certain constitutional rights by virtue of a guilty plea, the nature of the charges to which he or she is pleading guilty, the maximum possible penalty to which he or she is exposed, the court's obligation to apply the Sentencing Guidelines and discretion to depart from those Guidelines under some circumstances, and the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence."  United States v.Schweitzer, 454 F.3d 197, 202-03 (3d Cir. 2006) (internal quotation marks, citations and  alterations omitted).  The district court must also "ensure that the defendant receives these caveats, understands them, and still wishes of his or her own volition to plead guilty."  Id.

no issue of arguable merit with respect to the validity of Gunn's plea.

The final issues counsel identifies are whether Gunn's sentence is procedurally and substantively reasonable. United States v. Tomko, 562 F.3d 558, 566 (3d Cir. 2009) (en banc).[4] With respect to procedural reasonableness, a district court must (1) calculate the applicable Guideline range, (2) consider any departure motions, and (3) meaningfully considering all relevant 18 U.S.C. § 3553(a) factors. See United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006). Here, while the District Court did not explicitly calculate the Guideline range, it was presented with a PSR and sentencing memoranda from both sides that set forth the unobjected to applicable range. The Guideline range accurately reflected the amount of drugs involved, that Gunn accepted responsibility, and his criminal history.

Finally, the District Court gave "rational and meaningful" consideration to the § 3553(a) factors, Tomko, 562 F.3d at 568 (quoting United States v. Grier, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)), because it addressed Gunn's drug offense and history and characteristics, including his education, history of drug use, criminal history and lack of prior employment,

and that he had "been forthright and honest in acknowledging that [his]

---

[4]

conduct was seriously wrong," App. 77, all of which justified a "sentence in the middle of th[e] guideline [range]." App. 78. Thus, the sentence was procedurally reasonable.

The sentence was also substantively reasonable. Given Gunn's criminal record, the nature of the offense, we cannot say that "no reasonable sentencing court would have imposed" the within-Guideline sentence of 96 months' imprisonment he received. Tomko, 562 F.3d at 568. Thus, any challenge to the substantive reasonableness of Gunn's sentence would lack merit.

## III

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm Gunn's conviction and sentence.